1  Law Offices of Clemente Gonzalez
2  CLEMENTE GONZALEZ (CSBN: 293033)
   505 14th St.
   Suite 900
3  Oakland, CA 94612
   Tel: 510-588-8480
4  Fax: 510-588-8401
   clementegonzalezlaw@gmail.com
5

6  Friedman, Rodman & Frank, P.A.
   Ronald Rodman (*Pro Hac Vice* Application to be filed)
7  3636 W. Flagler St.
8  Miami, FL 33136
   Ronrod.frf@gmail.com
9  Tel: 305-448-8585
10 Fax: 305-448-9818

11

12

13

14

15                    UNITED STATES DISTRICT COURT

16                    CENTRAL DISTRICT OF CALIFORNIA

17
   SAUNDRA R. SACKS, an individual,    )  Case No.: 2:16-cv-06841
18                                      )
              Plaintiff,                )  COMPLAINT FOR DAMAGES FOR:
19                                      )
         vs.                           )  (1) NEGLIGENCE; *and*
20                                      )  (2) PREMISES LIABILITY.
   PRINCESS CRUISE LINES, LTD.,         )
21                                      )
   D/B/A PRINCESS CRUISES, and DOES 1 ) DEMAND FOR JURY TRIAL
22                                      )
   Through 10, Inclusive.
23
              Defendants.
24

25

26       Plaintiff, SAUNDRA R. SACKS, ("Plaintiff"), by and through the undersigned
27 counsel, hereby sues Defendant Princess Cruise Lines, LTD. Doing business as Princess
28

Cruises ("Defendant" or "Princess Cruises") and DOES 1 through 10, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.  The Court has personal jurisdiction over the Defendant, PRINCESS CRUISE LINES LTD., on the grounds that the Defendant conducts or transacts substantial business activities and contracts to supply goods or services in this State, and Defendant has purposefully availed itself of the jurisdiction of this Court by transacting business in this State.

2.  Further, the terms of the ticket issued by the Defendant, PRINCESS CRUISE LINES LTD., contained a forum selection clause requiring that any lawsuit be filed in this Court.

3.  This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 over civil actions arising under the Constitution, laws or treaties of the United States.

4.  This is an action for personal injury damages brought pursuant to the general maritime law of the United States Code 28 U.S.C. § 1333.

5.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) as the amount in controversy is in excess of $75,000.00, and there is complete diversity of citizenship between the Plaintiff and Defendant.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

7.     Plaintiff, SAUNDRA R. SACKS, is a resident of Broward County, Florida.

8.     Defendant, PRINCESS CRUISE LINES, LTD, is a corporation organized and existing under the laws of the county of Bermuda, doing business as Princess Cruises, and owned by Carnival Cruise Lines, with this principal place of business in Santa Clarita, California, is authorized to do, has regularly done, and is doing business in the City of Los Angeles, County of Los Angeles, State of California and has systematically conducted business on a regular basis in the State of California under and by virtue of the laws of the State of California.

9.     The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants 1 through 10, inclusive, are unknown to Plaintiff at this time, who, therefore, sue said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that the acts and omissions of said Defendants were a legal cause of the resulting injury and damages to Plaintiff as hereinafter alleged. Plaintiff will amend this complaint to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

10.     Prior to September 2015, the Defendant PRINCESS CRUISES, issued a passenger ticket and/or contract of carriage to Plaintiff, SAUNDRA R. SACKS and her

husband in exchange for a paid fare. This cruise was the 30th Cruise the couple was doing with the same Cruise Line, PRINCESS CRUISES. Mrs. and Mr. Sacks were loyal Princess Cruises' customers.

11.    The issued tickets were to a transatlantic cruise, leaving on September 6, from Southampton, UK, arriving on September 21, in Fort Lauderdale, USA. The travel was a celebration of the couple 50th year wedding anniversary.

12.    On September 14, 2015 the Plaintiff, SAUNDRA R. SACKS, sustained personal injury damages as a result of the negligent acts and/or omissions of the Defendant, PRINCESS CRUISES, their agents and/or employees as is more fully set forth herein. Around 11.15 pm, SAUDRA R. SACKS was participating on the YE Old Pub Night Show in the Vista Lounge, of the Royal Princess Cruise Ship when she tripped and fall because of the foreseeable ship movements, in the open seas, hitting her left side on the edges of the stage.

13.    That Plaintiff, SAUNDRA R. SACKS, was taken by paramedics to the ship Medical Center, where she was confined until the evening of the next day, September 15, 2015. The ship doctors recommended her to seek treatment in the USA for likely ribs fracture and lung issues. She was in a lot of pain. She could not leave her cabin. Her and her husband had to cancel and miss all the other events they have schedule and planned to attend, like the Deluxe Balcony Breakfast, the Wine Maker's Dinner, and cocktail parties. The first day she had the strength to leave the cabin to eat, was the on September 19,

2015, five (5) days after the accident.

14.     After the ship finally arrived in the USA, on September 21, SAUNDRA R. SACKS went to see a doctor. She had fractured four ribs in the left side; she also had lung contusions and lumbar injury because of the September 14, 2015 incident while she was aboard of Royal Princess during the YE Old Pub Night Show.

## COUNT 1
## NEGLIGENCE

15.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16.     That on or about September 14, 2015, the Defendant, PRINCESS CRUISES owned, maintained, operated and/or controlled that certain cruise ship known as "Royal Princess".

17.     That the Plaintiff, SAUNDRA R. SACKS, has performed all conditions precedent to the maintenance of this action for damages.

18.     That on or about September 14, 2015, Plaintiff, SAUNDRA R. SACKS, boarded PRINCESS CRUISES' vessel, Royal Princess, as a fare paying passenger for a sea cruise.

19.     That as a fare paying passenger Plaintiff was permitted and invited to use the ship's recreational areas and facilities including the YE Old Pub Night Show in the Vista Lounge, of the Royal Princess Cruise Ship.

20. At all relevant times herein, Defendants had a duty to use reasonable care under the circumstances. At all relevant times herein, Defendant's duties included but were not limited to, providing reasonably safe premises and condition of the ship and related excursion vessels for Plaintiff, taking reasonable precautions to prevent and guard injury to its passengers, and operating the ship and safe guarding the areas and facilities of the ship in a reasonably safe manner.

21. Defendant breached its duty to Plaintiff by negligently and recklessly operating, controlling, and safeguarding, the areas, facilities and the ship.

22. Furthermore, Defendant negligently, carelessly and wrongfully failed to take reasonable precautions to prevent and guard injury to its passengers including the Plaintiff.

23. At all times material to this complaint, the Defendant, PRINCESS CRUISES, their agents and/or employees had a duty to use reasonable care for the safety of SAUNDRA R. SACKS as a fare paying passenger aboard the Defendant's cruise ship.

24. That at all times, Defendant, PRINCESS CRUISES, its agents, servants and/or employees were well known or should have known about the dangerous conditions in the Vista Lounge and the ship movement in open seas prior Plaintiff's, SAUNDRA R. SACKS, injuries.

25. That at all times, it was the duty of the Defendant, PRINCESS CRUISES, including its agents and/or employees, to exercise a reasonable duty of care in the

supervising, maintaining, controlling, inspecting and cleaning the ship Royal Princess common areas and facilities, including the Vista Lounge where the YE Old Pub Night Show and the accident happened.

26.    That at all times, the Defendant, PRINCESS CRUISES, its agents and/or employees breached the duty of reasonable care owed to Plaintiff, SAUNDRA R. SACKS, and were negligent in the following amongst others:

a.  Failing to warn the passengers, of a dangerous and hazardous condition which it knew or should have known to exist in the aforesaid Vista Lounge area;

b.  Failing to maintain the passenger vessel, "Royal Princess" in a seaworthy condition;

c.  Failing to properly train its crew members, employees, and/or agents to safely maintain the aforementioned Vista Lounge area to avoid serious injuries;

d.  Permitting passengers participation on Events, in open seas, where is foreseeable that accidents may happen;

e.  Permitting passengers participation in events in foreseeably rough waters;

f.  Failing to place warning devices, signs and/or apparatus to properly warn the passengers and more particular the Plaintiff, of the dangerous and hazardous condition on the aforementioned Vista Lounge area;

g.  Failing to have policies or procedures in place amongst Defendant's crew and employees such that the Vista Lounge area was regularly inspected to ensure that the area was properly safe and free from any slippery substances, or ship movements;

27.    Furthermore, as a direct and proximate result of one or more negligent acts or omissions by the Defendant, PRINCESS CRUISES, Plaintiff, SAUNDRA R. SACKS, fractured four ribs, suffered lung contusions and lumbar injury. In fact, the circumstances

of the Plaintiff's injury were such that in the ordinary course of events, the injury would not have happened in the absence of negligence and in that the dangerous conditions in exclusive control of the Defendant at the time the Plaintiff was injured.

28.     Plaintiff, SAUNDRA R. SACKS, in the past and in the future will continue to suffer damages including but not limited to the following:

a) Bodily injuries;
b) Pain and suffering;
c) Disability, both temporary and permanent, within a reasonable degree of medical probability;
d) Disfigurement and scarring of a significant nature;
e) Mental anguish;
f) Lost capacity for the enjoyment of life;
g) Medical and hospital expenses in the past and to be incurred in the future;
h) Incurred medical expenses in the treatment of related injuries;
i) Loss of bodily function;
j) Aggravation of pre-existing condition.

## COUNT II
## PREMISES LIABILITY

29.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 28 as if fully set forth herein.

30.     At all times relevant, Plaintiff was an invitee of Defendant Princess Cruises.

31.     At all times relevant, Defendant Princess Cruises was the owner, operator, lessor, lessee, manager and controller of the subject vessels, and were engaged in the business of common carrier of passengers for hire.

32.    At all times relevant, Plaintiff was lawfully on the subject vessels with the consent, invitation, permission and knowledge of Defendant Princess Cruises.

33.    At all times relevant, Plaintiff was aboard the ship and facilities as a paying passenger, acting with due caution, attention and care.

34.    At said time and place, Defendant Princess Cruises so negligently managed, supervised, maintained, and operated the ship and facilities such as the Vista Lounge where the YE Old Pub Night Show and the accident happened and that a dangerous condition was created proximately causing the described injuries and damages to Plaintiff.

35.    At said time and place, Defendant Princess Cruises, had actual or constructive knowledge of the dangerous condition, and failed to alleviate said dangerous condition, so as to proximately cause the described injuries and damages to Plaintiff.

36.    At said time and Place, Defendant Princess Cruises, so negligently managed, maintained, and operated the tender such that Plaintiff was injured as described herein.

37.    At said time and place, Defendant Princess Cruises, had actual or constructive knowledge of the dangerous condition, and failed to warn Plaintiff of said dangerous condition, so as to proximately cause the subject incident.

WHEREFORE, Plaintiff, SAUNDRA R. SACKS, demands judgment for all damages allowed by law, against the Defendant, PRINCESS CRUISE LINES, LTD., D/B/A PRINCESS CRUISES, together with interest, cost and any and all other relief this Court deems appropriate, together with a jury trial on issues so triable by a jury as a matter

of right.

Respectfully submitted this September 12, 2016

Law Offices of Clemente Gonzalez

505 14th Street

Suite 900

Oakland, CA 94612

Telephone: (510)588-8480

Facsimile: (510)588-8401

BY: _____

CLEMENTE GONZALEZ, ESQ.

California Bar No. 293033

COMPLAINT; DEMAND FOR JURY TRIAL- 10